OPINION
{¶ 1} Appellant Laura Harbaugh is the natural mother of Ryan Duvall, born March 12, 1998. Ryan was placed in the emergency custody of Fairfield County Children's Services on July 24, 2001. On July 25, a dependency complaint was filed, and he was placed in the temporary shelter custody of Children's Services. As the case was not able to be disposed of within 90 days, the complaint was dismissed with prejudice, and a new complaint was re-filed under the current case number on October 16, 2001.
 {¶ 2} Ryan remained in the temporary shelter custody of Fairfield County Children's Services. On January 8, 2002, he was found to be a dependent child, and temporary custody was awarded to Children's Services. A motion for permanent custody was filed on November 7, 2002. The case proceeded to trial in Fairfield County Common Pleas Court, Juvenile Division. Following trial, the court terminated appellant's parental rights, and awarded appellee Fairfield County Children's Services permanent custody of Ryan. Appellant assigns a single error on appeal:
 {¶ 3} "THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILDREN TO FAIRFIELD COUNTY CHILDREN'S SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILDREN'S BEST INTEREST AND THAT THE CHILDREN CANNOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME."
 {¶ 4} Appellant argues that the judgment is against the weight of the evidence, as the evidence does not reflect that permanent custody was in Ryan's best interest, nor does the evidence support the court's finding that Ryan cannot be placed with appellant within a reasonable time. Appellant argues that the evidence reflected that she completed the case plan, and remedied the problems that led to the child being removed from the home. She also argues that the evidence indicated that she had a positive relationship with Ryan.
 {¶ 5} We first address appellant's claim that the evidence did not support the court's finding that permanent custody was in Ryan's best interest. R.C. 2151.414(D) provides that in determining best interest, the court shall consider all relevant factors, including but not limited to the interaction and relationship of the child with his parents, siblings, relatives, foster parents, and other care providers; the wishes of the child, as expressed directly by the child or through the guardian ad litem; the custodial history of the child, including whether he has been in the temporary custody of children's services for twelve or more months of consecutive twenty-two month period; and the child's need for a legally-secure permanent placement, and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 6} There is evidence in the record that while appellant participated in visitation with Ryan, she had negative interaction with the child. Melinda Winegardner, parenting educator for appellee, testified that appellant was degrading to Ryan, did not teach him how to behave in a positive fashion, and was more comfortable with the role of a sibling rather than a mother. There was also evidence presented that during visitation with her children, appellant was able to concentrate on only one child at a time. The custodial history of the child indicated that at the time of trial in January of 2003, Ryan had been in the custody of appellee since July 24, 2001. Therefore, he had been in the custody of Children's Services for twelve or more months of a consecutive twenty-two month period, ending on or after March 18, 1999. There was evidence presented that Ryan needs a legally secure placement, as Ryan thrived when placed in a stable environment.
 {¶ 7} The evidence supports the court's finding that permanent custody was in the best interest of the child.
 {¶ 8} We next turn to appellant's argument that the evidence did not support the court's finding that the child could not be placed with her within a reasonable time.
 {¶ 9} The evidence demonstrated that appellant needed to address parenting skills, homemaking skills, and meeting the basic needs of her children. Appellee had numerous referrals regarding the care of Ryan, and in addition, had a history with appellant concerning an older child eventually placed for adoption. At the same time the agency was involved with appellant concerning Ryan, they were involved with appellant concerning another child, Helen Estepp.
 {¶ 10} The case plan provided that appellant was to meet with Melinda Winegardner to participate in homemaking sessions. She participated in only one homemaking session. Appellant did work with Winegardner as parent educator from May, 2001, to October, 2002. At times appellant indicated a willingness to work on parenting skills, but other times, she was disinterested and defiant. She missed numerous scheduled appointments.
 {¶ 11} The evidence reflected that appellant had difficulty understanding how her parenting affects her children. She failed to see the importance of limits, and the necessity of consistency with such limits. The evidence demonstrated that she lacked the insight to understand her role as a parent, and how to incorporate discipline into daily parenting. The evidence reflected that with Ryan, appellant argued with him, made derogatory comments to him, and made fun of him, which was confusing and harmful to the child. Because appellant failed to cooperate, and did not retain or utilize information taught during the parenting sessions, the parenting services were terminated.
 {¶ 12} The case plan also sought to have appellant maintain a stable home. From June, 2001, to the time of trial, appellant had four different residences. Upon inspection, her latest residence did not have heat in every room, was missing glass in some windows, and had wiring sticking out from the wall. She did not have telephone service, due to an outstanding telephone bill of approximately $1200.
 {¶ 13} Another concern of appellee was appellant's mental health problems. Appellee requested that appellant attend anger management counseling, individual counseling, be assessed by the county MRDD Board, and obtain a psychological evaluation. She attended all sessions of an anger management class, but was unable to utilize the information presented. She attended only two individual counseling sessions. She did not initiate the assessment by MRDD.
 {¶ 14} On November 15, 2001, appellant submitted to a psychological evaluation. The evaluation revealed that appellant demonstrated little or no insight into the events of her life. She suffers from significant cognitive limitations and dependent personality disorder. She has difficulty seeing potentially abusive situations for her children. Although she was able to state things she learned in parenting classes, she was unable to apply the information. The evaluation revealed that appellant is socially detached, and had little ability to protect herself. With her deficits, appellant's primary energy would go to providing for herself, or finding someone who would provide for her. Her immaturity made it extremely difficult for her to provide for her children's emotional needs. The evaluation demonstrated that she did not possess the cognitive nor emotional skills necessary to independently parent the children in an appropriate manner.
 {¶ 15} The court did not err in finding that based on the evidence presented, Ryan could not be placed with appellant within a reasonable time.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} The judgment of the Fairfield County Common Pleas Court, Juvenile Division, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.